UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK HANEGAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JANE S. PACHECO, et al.<br><br>　　　　Defendants. | No. 2:25-cv-00432-DC-AC (PS)<br><br>ORDER *SUA SPONTE* REMANDING CASE TO THE SOLANO COUNTY SUPERIOR COURT |

　　　　Plaintiff Patrick Hanegan initiated this action against Defendants Jane S. Pacheco and Alexander Perez by filing a complaint for unlawful detainer in the Solano County Superior Court, Case No. CL24-06949. (Doc. No. 1.) On February 3, 2025, Defendant Perez filed a notice of removal of this case to this court and filed a motion to proceed *in forma pauperis*. (Doc. Nos. 1, 2.)

　　　　A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). The removal statute, 28 U.S.C. § 1441, is strictly construed against removal jurisdiction. *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010). It is presumed that a case lies outside the limited jurisdiction of the federal courts and the burden of establishing jurisdiction rests with the party asserting it. *Geographic Expeditions*, 599 F.3d at 1106–07; *Hunter v. Philip Morris USA*, 582 F.3d 1039,

1

1042 (9th Cir. 2009). "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 932 (9th Cir. 2001).

Defendant Perez's notice of removal contends the court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. (Doc. No. 1 at 3–4.) Specifically, Defendant Perez asserts there are federal concerns surrounding the foreclosure action, the parties' property rights, and a purported "Pooling and Service agreement" between the parties. (*Id*. at 4.) Significantly, however, the only cause of action identified in the complaint is unlawful detainer. (*Id*. at 18.)

An unlawful detainer action does not arise under federal law but arises instead under state law. *See Wells Fargo Bank v. Sherzad*, No. 22-cv-00552-TLN-CKD, 2022 WL 913251, at *1 (E.D. Cal. Mar. 29, 2022) (a complaint for unlawful detainer "relies solely on California state law and does not state any claims under federal law"); *Fannie Mae v. Suarez*, No. 11-cv-01225-LJO-GSA, 2011 WL 13359134, at *2 (E.D. Cal. Jul. 27, 2011) ("Unlawful detainer actions are strictly within the province of state court."). Thus, Plaintiff did not raise a claim that invokes federal subject matter jurisdiction. Further, to the extent Defendant Perez's answer may depend on federal law, that is insufficient to establish subject matter jurisdiction. *See Vaden v. Discovery Bank*, 556 U.S. 49, 70 (2009) ("It does not suffice to show that a federal question lurks somewhere inside the parties' controversy, or that a defense or counterclaim would arise under federal law."); *see also Five Star Prop. Mgmt. v. Salazar*, No. 22-cv-00224-DAD-BAK, 2022 WL 676169, at *1–2 (E.D. Cal. Feb. 22, 2022) (finding an identical assertion—that the answer to an unlawful detainer complaint "depends on the determination of Defendant's rights and Plaintiff's duties under federal law"—failed to invoke subject matter jurisdiction under Section 1441). Accordingly, Defendant Perez has not established subject matter jurisdiction based on federal question.

Defendant Perez also contends the court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. No. 1 at 3.) Federal district courts have original jurisdiction over cases where there is complete diversity of citizenship, i.e., between citizens of different states, and where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). Defendant Perez's contention

1  this court has diversity jurisdiction is unavailing. From the face of the notice of removal, it is
2  clear that Plaintiff and Defendant Perez are both California residents. (Doc. No. 1 at 3, 8–9.)
3  Thus, there is not complete diversity of citizenship in this action.
4      Further, the complaint was filed in a limited civil case and does not allege damages in
5  excess of $75,000. (*Id*. at 18.) Instead, the caption of the complaint expressly states that the
6  amount demanded does not exceed $10,000. (*Id*.); *see* 28 U.S.C. § 1446(c)(2) (providing the
7  "sum demanded in good faith in the initial pleading shall be deemed to be the amount in
8  controversy . . ."). "A defendant 'bears the burden of actually proving the facts to support
9  jurisdiction including the jurisdictional amount.'" *Fed. Home Loan Mortg. Corp. v. Herrera*, No.
10 12-cv-00403-LJO-MJS, 2012 WL 948412, at *2 (E.D. Cal. Mar. 20, 2012) (citing *Sanchez v.*
11 *Monumental Life Ins.*, 102 F.3d 398, 403 (9th Cir. 1996)). Here, Defendant Perez does not
12 establish that the amount in controversy exceeds $75,000 and he has not submitted any evidence
13 to meet this burden. As such, Defendant Perez has not established the amount in controversy
14 jurisdictional minimum required for purposes of diversity jurisdiction.
15     Thus, because the court lacks subject matter jurisdiction, remand of this case to the Solano
16 County Superior Court is appropriate and mandatory. 28 U.S.C. § 1447(c).
17     For the reasons explained above,
18     1.   This action is REMANDED to the Solano County Superior Court, pursuant to 28
19          U.S.C. § 1447(c), for lack of subject matter jurisdiction; and
20     2.   The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **April 6, 2025**                    _____
                                              Dena Coggins
                                              United States District Judge

3